IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL PAPER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, GEORGIA-PACIFIC LLC, NCR CORPORATION, and WEYERHAEUSER COMPANY,<br><br>Defendants. | Civil Action No.: 1:18-cv-1229 |

## BRIEF IN SUPPORT OF PLAINTIFF INTERNATIONAL PAPER COMPANY'S MOTION TO STAY

Plaintiff International Paper Company ("International Paper") moves the Court to stay this proceeding pending the outcome of the appeal in *Georgia-Pacific Consumer Products LP et al. v. NCR Corporation, et al.* Case No. 1:11-cv-00483 (RJJ) (the "Original Case") currently before the Sixth Circuit Court of Appeals (the "Appeal"). International Paper seeks a stay because the issues to be decided in the Appeal will directly bear on this case. The Original Case involves liability for costs associated with the Allied Paper Inc./Portage Creek/Kalamazoo River Superfund Site (the "Site"), as does this case. This case was filed by International Paper to recover costs it has expended remediating a portion of the Site. International Paper incurred those costs after the commencement of the Phase II trial in the Original Case and those costs are not included in the judgment entered in the Original Case. International Paper brought this suit now to protect

International Paper from any claim that recovery of the costs International Paper has incurred would be barred by the statute of limitations. The parties to this case and the Original Case are the same[1]. There is no need, however, to prosecute this case until the Appeal is decided, and it will be more efficient for the parties and the Court to wait until the Appeal is decided.

## ANALYSIS

Over 75 years ago, the United States Supreme Court acknowledged the inherent power of district courts "to stay proceedings in one suit until the decision of another" to facilitate the fair and efficient administration of justice. *Landis v. N. Am. Co.*, 299 U.S. 248, 249, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants.") The Supreme Court established two basic requirements for granting a discretionary stay. First, a party seeking the stay "must make a clear case of hardship or inequity in being required to go forward." *Id.* at 254. Second, the stay must have a reasonable time limit; but the Court made clear there is nothing *per se* impermissible about staying a lawsuit until a related action is decided. *Id.* at 257-58.

District courts in the Sixth Circuit have stayed cases when an appeal of a companion case will establish precedent that will guide the district court in the case before it. That was the conclusion in *Monaghan v. Sebelius*, 2013 WL 3212597 (E.D. Mich. June 26, 2013). In *Monaghan,* the Court stayed a new action while the Sixth Circuit considered an appeal in two related cases. In granting a stay pending the outcome of the appeal the court held "it would be at odds with the motion of judicial economy for this Court to proceed in this case and risk reaching an ultimate resolution that is inconsistent with precedent the Sixth Circuit creates shortly

---

[1] Copies of this Motion to Stay and supporting papers along with the Complaint in this action have been provided to counsel for the parties in the Original Case.

thereafter.  The Court, therefore, will await the binding guidance of the Sixth's Circuit's resolution [of the cases on appeal]."  *Id* at *2.  *See also Georgia-Pacific Consumer Prods. LP v. Four-U-Packaging, Inc.*, 2010 WL 55973 at *4-5 (N.D. Ohio, Jan. 5, 2010)(staying action pending appeals as being "in the interest of economical use of judicial time and resources"); *Georgia-Pacific Consumer Prods. LP v. Superior Janitor Supply, Inc.*, 2010 WL 11489121 at *2 (S.D. Ohio March 1, 2010)(following reasoning of *Superior Janitor Supply*); *Burroughes Corp. v. Blue Cross Blue Shield of Michigan*, 2013 WL 3467313 at *1 (E.D. Mich. July 10, 2013)(granting stay because issues on appeal in another case "will substantially affect the outcome of these cases.")

  Here, it would be both contrary to notions of judicial economy and inequitable to require International Paper, or any party for that matter, to proceed prior to the Sixth Circuit deciding the issues that each party has appealed in the Original Case.  For example, Georgia-Pacific has indicated it will raise on appeal the Court's approach to geographic divisibility in the Original Case.  NCR Corporation has indicated it will raise on appeal the Court's determination that NCR was an arranger in the Original Case.  How the Sixth Circuit decides those issues, among others, could have a substantial impact on this case.  Consequently, it would be inefficient to proceed prior to the Sixth Circuit deciding the Appeal.  Moreover, since it is International Paper that seeks to recover its costs in this case, the other parties will not be prejudiced by the stay of this case.  Finally, the stay International Paper seeks is not indefinite in duration.  Rather, International Paper seeks a stay only for the duration of the Appeal.

## **CONCLUSION**

Because it will serve the interests of the Court, the parties, and counsel, International Paper requests the Court stay this case pending the appeal of the Original Case, Case No. 1:11-cv-00483.

Dated: November 6, 2018    Respectfully submitted,

**BAKER HOSTETLER LLP**

By:  */s/ John D. Parker*
JOHN D. PARKER
jparker@bakerlaw.com
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Tel: (216) 621-0200

RYAN D. FISCHBACH
rfischbach@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Tel: (310) 820-8800

JOHN F. CERMAK, JR.
jcermak@cermaklegal.com
SONJA A. INGLIN
singlin@cermaklegal.com
**CERMAK & INGLIN LLP**
12121 Wilshire Boulevard, Suite 322
Los Angeles, CA 90025-1166
Tel: (424) 465-1531

And by:

DAVID W. CENTNER
dcentner@clarkhill.com
**CLARK HILL PLC**
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
Tel: (616) 608-1106

*Attorneys for Plaintiff*
INTERNATIONAL PAPER COMPANY