**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL PAPER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 1:18-cv-1229 |
| | ) | |
| GEORGIA-PACIFIC CONSUMER | ) | |
| PRODUCTS LP, FORT JAMES CORPORATION, | ) | |
| GEORGIA-PACIFIC LLC, NCR CORPORATION, | ) | |
| and WEYERHAEUSER COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION,
AND GEORGIA-PACIFIC LLC'S COUNTERCLAIM AND CROSSCLAIMS**

Georgia-Pacific Consumer Products LP, Fort James Corporation, and Georgia-Pacific LLC (collectively, "Georgia-Pacific"), by and through their undersigned counsel, file this counterclaim to the complaint of International Paper Company ("International Paper") and these crossclaims against Defendants NCR Corporation ("NCR") and Weyerhaeuser Company (Weyerhaeuser").

1.       Georgia-Pacific brings this counterclaim and these crossclaims for relief under the Comprehensive Environmental Response, Compensation and Liability Act, as amended by the Superfund Amendments and Reauthorization Act of 1986, 42 U.S.C. §9601 *et seq*. ("CERCLA") and 28 U.S.C. §2202.

2.       Georgia-Pacific seeks to recover costs that it has incurred and will continue to incur responding to releases and threats of releases of hazardous substances at the Allied Paper Inc./Portage Creek/Kalamazoo River Superfund Site ("Kalamazoo River Superfund Site" or "the Site") that were not allocated in *Georgia-Pacific Consumer Products LP, et al. v. NCR Corporation, et al.,* Case No. 1:11-cv-00483-RJJ ("*GP v. NCR*").

1

3.     More particularly, Georgia-Pacific seeks to recover costs incurred at the Kalamazoo River Superfund Site on or after September 1, 2014, including but not limited to costs incurred pursuant to an Unilateral Administrative Order directing Georgia-Pacific, International Paper, and Weyerhaeuser to perform the time-critical removal action in Area 3 of Operable Unit 5 (the "2016 Area 3 TCRA UAO"); and (2) an allocation of responsibility for those costs pursuant to CERCLA §113(f) among Georgia-Pacific, International Paper, NCR, and Weyerhaeuser.

4.     Although this counterclaim and these crossclaims are related to *GP v. NCR*, and although Georgia-Pacific has sought recovery of the costs demanded in this counterclaim and crossclaims via a motion filed in *GP v. NCR*, Georgia-Pacific brings this counterclaim and these crossclaims in this action to ensure that they are filed within any applicable statute of limitations, to the extent the claims may not be deemed to be within the scope of the claims addressed in *GP v. NCR*.

## BACKGROUND

5.     The Site is contaminated with polychlorinated biphenyls, better known as PCBs, a hazardous substance.

6.     PCBs were released at the Site by International Paper, NCR, and Weyerhaeuser.

7.     PCBs were released at the Site because waste paper that was deinked and/or recycled by companies near the Kalamazoo River included PCB-laden broke and trim.   Broke and trim were wastes that resulted from the manufacture of proprietary, PCB-coated carbonless copy paper ("CCP") pioneered by NCR.   During this period, paper de-inking and recycling companies did not know that the CCP broke and trim contained PCBs.

8.     The Court concluded in *GP v. NCR* that NCR CCP is the primary source of the PCB contamination that require remediation at the Site.

9.     If not for NCR's use of PCBs in its CCP, and if not for the contamination of the Kalamazoo River by PCBs attributable to NCR broke and trim, the Kalamazoo River would not have been listed as a Superfund site.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this counterclaim and these crossclaims pursuant to 42 U.S.C. §§9607 and 9613(b); 28 U.S.C. §1331; and 28 U.S.C. §§2201-02 and 42 U.S.C. §9613(g)(2).

11.     Venue is proper in this Court under 28 U.S.C. §1391(b)(2) and 42 U.S.C. §9613(b), because the events giving rise to the claims asserted in this counterclaim and these crossclaims are based on activities that took place in this District.

12.     Venue is also proper in this Court pursuant to 28 U.S.C. §1391(c), as International Paper, NCR, and Weyerhaeuser are subject to personal jurisdiction in this District.

## PARTIES

### Counterclaim-Defendant

13.     International Paper is the corporate successor to St. Regis Paper Company, an entity that released PCBs at the Site, including into the Kalamazoo River, and that later leased its polluting plant and equipment to a company that continued disposal practices that resulted in the release of PCBs into the Kalamazoo River Superfund Site.

14.     This Court concluded in *GP v. NCR* that International Paper is a responsible party for Site-related contamination and is thus liable for certain of Georgia-Pacific's response costs incurred at the Site.

3

**Crossclaim-Defendants**

15.     Weyerhaeuser is the corporate successor to Kalamazoo-area facilities that deinked and recycled PCB-containing NCR broke and trim and released PCBs at the Site, including into the Kalamazoo River.

16.     Weyerhaeuser also owned and operated landfills at the Site, into which it placed dewatered paper residuals that contained PCBs.   Those landfills released PCBs into the Kalamazoo River.

17.     This Court concluded (and Weyerhaeuser conceded) in *GP v. NCR* that Weyerhaeuser is a responsible party for Site-related contamination and is thus liable for certain of Georgia-Pacific's response costs incurred at the Site.

18.     NCR invented the PCB-containing CCP that caused the PCB contamination of the Kalamazoo River Superfund Site.

19.     NCR arranged for the disposal at the Site of PCB-laden waste, including from its own CCP converting operations.

20.     NCR also arranged for the disposal at the Site of PCB-laden broke and trim from its contract coaters, companies that coated NCR's paper according to NCR's specifications, using an emulsion consigned to them by NCR.

21.     NCR is also the corporate successor to at least two coaters—Appleton Coated Paper Company ("ACPC") and Combined Paper Mills, Inc. (also known as the "Combined Locks Mill")—that arranged for the disposal at the Site of PCB-laden broke and trim resulting from the coating of NCR CCP.

22.     Waste paper from all these activities was recycled at facilities near the Kalamazoo River, with resulting releases of PCBs at the Site.

4

23.     This Court concluded in *GP v. NCR* that NCR is a responsible party for Site-related contamination and is thus liable for certain of Georgia-Pacific's response costs incurred at the Site.

24.     NCR has not funded or performed any work related to the investigation or cleanup of the Kalamazoo River Superfund Site.

## GEORGIA-PACIFIC'S COSTS

25.     The Court's Phase II Opinion allocated responsibility for Georgia-Pacific's past costs, which by agreement of the parties was limited to costs incurred before September 1, 2014.

26.     Georgia-Pacific has continued to incur response costs at the Site on and after September 1, 2014.

27.     Among those costs are costs associated with the 2016 Area 3 TCRA UAO.

28.     After September 1, 2014, Georgia-Pacific also has incurred costs pursuant to a 2009 Consent Decree with USEPA governing the remedial action for Operable Unit 2 of the site. Georgia-Pacific has borne all of these costs.

29.     Georgia-Pacific also has incurred costs pursuant to the December 16, 2016, unilateral administrative order USEPA issued Georgia-Pacific for the remedial design and remedial action in Area 1 of OU5.  International Paper is also subject to that order.

30.     Georgia-Pacific's response costs are consistent with the National Contingency Plan, 40 C.F.R. Part 300.

31.     Georgia-Pacific's cleanup at the Site is ongoing, and Georgia-Pacific will incur additional costs in the future.

## FIRST CAUSE OF ACTION

### Counterclaim and Crossclaims for Response Costs under CERCLA Section 107

32.     Georgia-Pacific realleges and incorporates the preceding paragraphs as if fully set forth herein.

33.     CERCLA section 107(a)(4)(B), 42 U.S.C. §9607(a)(4)(B), authorizes the recovery of "necessary costs of response consistent with the national contingency plan."

34.     The Kalamazoo River Superfund Site is a "facility" within the meaning of CERCLA section 101(9), 42 U.S.C. §9601(9).

35.     Georgia-Pacific is a "person" as defined by CERCLA section 101(21), 42 U.S.C. §9601(21).

36.     International Paper is a "person" as defined by CERCLA section 101(21), 42 U.S.C. §9601(21).

37.     Weyerhaeuser is a "person" as defined by CERCLA section 101(21), 42 U.S.C. §9601(21).

38.     NCR is a "person" as defined by CERCLA section 101(21), 42 U.S.C. §9601(21).

39.     There was an actual or threatened "release" at and from the Site of "hazardous substances" within the meaning of CERCLA sections 101(14) and (22), 44 U.S.C. §§9601(14), (22).

40.     International Paper is a person that is or was an owner or operator of facilities from which there was a release of hazardous substances within the meaning of CERCLA section 107(a)(2), 42 U.S.C. §9607(a)(2).

41.     Weyerhaeuser is a person that is or was an owner or operator of facilities from which there was a release of hazardous substances within the meaning of CERCLA section 107(a)(2), 42 U.S.C. §9607(a)(2).

42.     NCR is a person that by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances, at the Site within the meaning of CERCLA section 107(a)(3), 42 U.S.C. §9607(a)(3).

43.     Georgia-Pacific has incurred and will incur "response costs" within the meaning of CERCLA section 101 (25), 42 U.S.C. §9601(25), in connection with the Site.  These "response costs" were and will be necessary and consistent with the National Contingency Plan pursuant to CERCLA section 105(a), 42 U.S.C. §9605(a).

44.     International Paper, NCR, and Weyerhaeuser are liable, pursuant to section 107(a)(4)(B) of CERCLA, 42 U.S.C. §9607(a)(4)(B), to Georgia-Pacific for past and future Kalamazoo River Superfund Site response costs it incurred or will incur.

45.     In accordance with section 107(a) of CERCLA, 42 U.S.C. §9607(a), Georgia-Pacific is entitled to recover compound interest on the Site response costs it has paid and will pay in the future.

**SECOND CAUSE OF ACTION**

**Counterclaim and Crossclaims for Contribution under CERCLA Section 113**

46.     Georgia-Pacific realleges and incorporates the preceding paragraphs as if fully set forth herein.

47.     CERCLA section 113(f), 42 U.S.C. §9613(f), authorizes any person to seek contribution from any other person who is liable or potentially liable under CERCLA section 107(a), 42 U.S.C. §9607(a).

48.     Georgia-Pacific has paid and is obligated to pay response costs that exceed its equitable share, if any, of such costs.

49.     Insofar as any costs sought by Georgia-Pacific are not recoverable under section 107(a)(4)(B) of CERCLA, those costs are recoverable from International Paper, NCR, and Weyerhaeuser under section 113(f)(1), 42 U.S.C. §9613(f)(1), based on an allocation among liable parties using such equitable factors as the Court deems appropriate pursuant to CERCLA section 113(f)(1), 42 U.S.C. §9613(f)(1).

50.     Pursuant to the standards of section 113(f)(1) of CERCLA, 42 U.S.C. §9613(f)(1), and in accordance with section 107(a) of CERCLA, 42 U.S.C. §9607(a), Georgia-Pacific is entitled to recover compound interest on the response costs it has paid and will pay in the future in excess of its equitable share, if any.

## THIRD CAUSE OF ACTION

### Counterclaim and Crossclaims for Declaratory Judgment

51.     Georgia-Pacific realleges and incorporates the preceding paragraphs as if fully set forth herein.

52.     Georgia-Pacific has and will continue to incur "response" costs within the meaning of CERCLA section 101(25), 42 U.S.C. §9601(25) at the Kalamazoo River Superfund Site that are necessary and consistent with the National Contingency Plan.

53.     Georgia-Pacific is entitled to a declaratory judgment as to the liability of International Paper, NCR, and Weyerhaeuser for such future costs that Georgia-Pacific incurs at the Site pursuant to CERCLA section 113(g)(1), 42 U.S.C. §9613(g)(1) and section 113(g)(2), 42 U.S.C. §9613(g)(2), and the Declaratory Judgment Act, 28 U.S.C. §2201.

## PRAYER FOR RELIEF

WHEREFORE, Georgia-Pacific prays for

a)  A judgment in favor of Georgia-Pacific and against International Paper, NCR, and Weyerhaeuser on Georgia-Pacific's First Cause of Action;

b)  An order directing International Paper, NCR, and Weyerhaeuser to pay their equitable percentage of the past response costs that Georgia-Pacific has incurred at the Site, plus compound interest, under CERCLA section 107(a)(4)(B), 42 U.S.C. §9607(a)(4)(B), and CERCLA section 113(f)(1), 42 U.S.C. §9613(f)(1), on Georgia-Pacific's Second Cause of Action;

c)  A declaratory judgment, and other appropriate prospective relief, directing International Paper, NCR, and Weyerhaeuser to pay their equitable percentage of all future response costs associated with the cleanup of the Site, under the Declaratory Judgment Act, 28 U.S.C. §2201, CERCLA section 113(f)(1), 42 U.S.C. §9613(f)(1), CERCLA section 113(g)(2), and/or 42 U.S.C. §9613(g)(2), on Georgia-Pacific's Third Cause of Action; and

d)  Such other and further relief as the Court deems just and appropriate.


**GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC**

By:   /s/ Michael R. Shebelskie

      Peter A. Smit
      Adam J. Brody
      VARNUM LLP
      Bridgewater Place, P.O. Box 352
      Grand Rapids, MI 49501
      (616) 336-6000

Michael R. Shebelskie
Douglas M. Garrou
George P. Sibley, III
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, VA 23219
(804) 788-8200

Jan M. Conlin
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
(612) 361-8202

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2018, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing by operation of the Court's electronic systems.  Parties may access this filing via that Court's electronic system.

By:     /s/ Michael R. Shebelskie